**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ) | |
| GREATER ST. LOUIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:08-CV-49 CAS |
| ) | |
| EVANS CONCRETE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on counsel for defendants' Motion for Imposition of Withdrawal Notice. Counsel requests that the Court impose a notice of withdrawal period of 45 days and permit him to withdraw from representation of the defendants after 45 days, regardless of whether defendants have retained substitute counsel. For the following reasons, the motion will be granted.

**Background**.

Plaintiffs filed this action under the Employee Retirement Income Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. and the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, seeking delinquent union dues from defendants Evans Concrete, Inc., an administratively dissolved Missouri corporation, and Mary C. Evans and Hal D. Evans, individuals doing business as Evans Concrete, Inc. The defendants appeared in this action and filed their answer through attorney Shawn M. Fusco of McMahon Berger, P.C. The parties appeared at a Rule 16 scheduling conference on June 13, 2008, and the Court issued a Case Management Order on June 16, 2008.

On August 22, 2008, defendants' counsel filed a motion to withdraw based on defendants' alleged failure to provide certain documents requests by plaintiffs for an audit, failure to communicate with their counsel, and failure to pay for services rendered by their counsel. The Court denied the motion without prejudice on August 25, 2008. Defendants' counsel filed a motion to withdraw as attorney for the individual defendants, Mary C. Evans and Hal D. Evans, on September 15, 2008, asserting similar reasons. The Court denied the motion without prejudice on September 22, 2008.

Defendants' counsel filed the instant motion on November 26, 2008, which asserts that after several months of attempting to reach the defendants, he spoke with defendant Hal D. Evans by telephone on October 9, 2008, and Mr. Evans instructed counsel not to take any further action with respect to defending this matter. Counsel submits a copy of a letter from the defendants dated October 9, 2008, which states in part that defendants "elect to terminate representation by McMahon & Berger, and request your firm's withdraw [sic] of counsel." See Ex. A to Mot. for Imposition of Withdrawal Notice. The motion also asserts that defendants have made no payments apart from the initial retainer, despite have agreed to pay for counsel's services at an hourly rate plus legal costs, and owe more than $6,000 for legal expenses incurred in defending and attempting to defend this matter. Mr. Fusco asserts that defendants' failure to pay has caused undue hardship for his law firm, which has been required to defend this action without payment.

**Discussion**

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents, cannot appear

pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

This Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended by that Court. E. D. Mo. Local Rule 12.02. According to the Missouri Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Missouri Rules of Professional Conduct 4-1.16(b). The comments for this rule state, "A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services," Id., Comment 4, and "A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Id., Comment 8. Nonetheless, "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Mo. R. Prof. Conduct 4-1.16(c).

In this action, the Court finds that defendants have not paid their attorney's fees, in violation of their fee agreement with counsel. Before seeking leave to withdraw and since that time, defense counsel has repeatedly asked to be paid, and provided the defendants with copies of the motions to withdraw. In response, defendants instructed counsel not to take any further action in defense of the case.

Under the Case Management Order, dispositive motions are due by January 14, 2009, and this case is set for trial on June 15, 2009. There is no reason to believe that defendants will obtain

substitute counsel or pay their attorney's fees if the Court denies counsel's motion to withdraw. Defense counsel has already incurred substantial expenses and there would be additional expenses incurred at trial.

"It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 3 (E.D. Mo. Apr. 6, 2006) (quoting Rivera-Domenech v. Calvesbert Law Offices PSC, 402 F.3d 246, 249 (1st Cir. 2005) (citing Lieberman v. Polytop Corp., 2 F. App'x 37, 39-40 (1st Cir. 2001) (unpublished) (per curiam))). "Litigants have no right to free legal aid" and corporations do not have the benefit of proceeding in forma pauperis. Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002) (citing Rowland, 506 U.S. at 196) (only a natural person may qualify for treatment in forma paupers under 28 U.S.C. § 1915)). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will grant defense counsel's motion for imposition of a withdrawal notice period and order defendants to obtain substitute counsel no later than January 26, 2009. If defendants fail to obtain substitute counsel within that time, Evans Concrete, Inc. may be

subject to a default judgment in favor of plaintiffs. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's request to withdraw from representation of defendants will be granted when substitute counsel enters an appearance or on January 26, 2009, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that counsel for defendants' Motion for Imposition of Withdrawal Notice is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that defendants Evans Concrete, Inc., Mary C. Evans and Hal D. Evans shall obtain substitute counsel no later than January 26, 2009.

**IT IS FURTHER ORDERED** that defendants' substitute counsel shall file an entry of appearance no later than January 26, 2009.

**IT IS FURTHER ORDERED** that Mr. Fusco shall provide a certified copy of this order to the defendants and file a notice with the Court that this has been done, within ten days of the date of this Order.

**IT IS FURTHER ORDERED** that on January 26, 2009, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the request of attorney Shawn M. Fusco and the law firm of McMahon Berger P.C. to withdraw from their representation of defendants.

 

                                          _/s/ Charles A. Shaw_
                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of December, 2008.