**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:08-CV-49 CAS |
| EVANS CONCRETE, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion.

**Withdrawal of Defense Counsel**

On December 10, 2008, the Court granted the motion of attorney Shawn M. Fusco and the law firm McMahon Berger P.C. for the imposition of a forty-five day withdrawal notice period, and ordered defendants Evans Concrete, Inc., Mary C. Evans and Hal D. Evans to obtain substitute counsel no later than January 26, 2009. The Court also stated that defense counsel would be allowed to withdraw on January 26, 2009, or upon the entry of substitute counsel. Because defendants have not obtained substitute counsel by the deadline imposed, and have received adequate notice that the Court would permit their attorneys to withdraw from their representation in this matter, the Court will reconsider its prior order of August 25, 2008 (Doc. 17) and docket text order of September 22, 2008, and grant defense counsel's motion to withdraw from representation of the defendants in this matter.

**Default by Corporate Defendant**

A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quoting R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996)); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In the order of December 10, 2008, the Court informed defendant Evans Concrete, Inc. that default judgment may be entered against it if defendant failed to obtain substitute counsel. As stated above, defendant has not obtained substitute counsel, and the Court has permitted former defense counsel to withdraw. Therefore, the Court will order plaintiffs to file motions to strike defendant Evans Concrete, Inc.'s pleadings, for clerk's entry of default and, if appropriate, for default judgment, within twenty days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that attorneys Shawn M. Fusco and David P. Frenzia, and the law firm of McMahon Berger P.C. are granted leave to withdrawn from the representation of defendants Evans Concrete, Inc., Mary C. Evans, and Hal D. Evans in this matter.

**IT IS FURTHER ORDERED** that within twenty (20) days of this order, plaintiffs shall file separate motions to strike defendant Evans Concrete, Inc.'s pleadings, for clerk's entry of default

2

and, if appropriate, for default judgment, along with all necessary supporting documentation and proposed order(s).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of January, 2009.